SUCCESSORS OF CARLOS ARMSTRONG & SONS, Appellants, *v.*
REGISTRAR OF SAN JUAN, Respondent.

No. 598. Submitted November 5, 1924.—Decided May 20, 1925.

1. RECORD OF TITLE—ATTACHMENT—NOTICE OF ATTACHMENT—ORDER OF ATTACH-
   MENT.—A notice directed by a marshal to a registrar of property for record-
   ing an attachment need not contain the order of attachment or be accom-
   panied by a certified copy thereof.
2. ID.—ID.—ID.—ID.—If an attached property is not recorded the attachment
   should be recorded, mentioning the said fact as a curable defect.

Registry of Property of San Juan, Tirado Verrier, R.   Decision
refusing to record an attachment.  *Reversed.*
*Heriberto Torres Solá* for the appellants.  The registrar appeared
by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

This administrative appeal was taken from a decision
of the registrar of property refusing to record an attach-
ment on the grounds that the notice issued by the marshal
to the registrar did not contain the order of the court
granting the attachment; that it was not accompanied by
a certified copy thereof, and that the property attached was
not recorded in the registry.  A cautionary notice was en-
tered for 120 days.

The notice issued by the marshal for recording the at-
tachment contained the writ issued to him by the clerk of

the court for levying the attachment, which showed that in an action of debt brought in the Second District Court of San Juan by Successors of Carlos Armstrong & Sons against Juan Santiago Sanz the plaintiffs moved to secure the effectiveness of such judgment as might be rendered in due course; that the court granted the said motion, and that the security required had been given and approved, wherefore, by order of Hon. M. Rodríguez Serra, judge of the court, the marshal was commanded to attach property of the defendant to cover the amount stated in the writ.

[1] It is not necessary to copy into the notice issued to the registrar for recording an attachment the order of the court granting the attachment, or to accompany it by a certified copy thereof, for article 73 of the Mortgage Law only requires that judicial writs for the entry of cautionary notices shall express the facts which the entry must contain according to the provisions of article 72; and article 72 prescribes that cautionary notices which owe their origin to writs of attachment or sequestration shall state the cause which may have given rise thereto and the amount of the obligation involved. These were the facts necessary for making the entry and they were stated in the notice in this case, for which reason the record of the attachment should not have been denied on the first ground assigned by the registrar. The cases of *Franco* v. *Registrar,* 12 P. R.R. 207; *Velázquez* v. *Registrar,* 27 P.R.R. 250; *Zayas* v. *Registrar,* 28 P.R.R. 106; *Machuca, Sons & Co.* v. *Registrar,* 22 P.R.R. 701, and *Ortiz* v. *Registrar,* 22 P.R.R. 316, cited by the respondent in support of the said ground of refusal, have no relation to this case, because they refer to the recording of judicial sales and not to attachments.

[2] With regard to the second ground of the registrar's decision refusing to record the attachment, this court held in *Sobrinos de Villamil* v. *Registrar,* 32 P.R.R. 502, that when the property attached is not recorded in anybody's

name the attachment should be recorded in the manner prescribed in subdivision 2 of article 92 of the Mortgage Law Regulations, stating as a basis for that holding that the said article is still in force and that in accordance with it a plaintiff is entitled to some sort of a record, which is not accomplished by a cautionary notice for 120 days, inasmuch as not only might any litigation extend over that time, but it would be questionable whether the prohibition not to alienate would be effective without such annotation.

Notwithstanding the fact that the registrar has knowledge of that decision, he insists that the said article is not in force because it was tacitly repealed by virtue of amendments made to the Mortgage Law concerning the manner of making records and annotations; that in the said case this court ordered an annotation to be made, without saying whether it should be provisional or final, and that the only entry which it is possible to make in accordance with the amendments to the Mortgage Law when a record is refused because of an incurable defect is a notice for 120 days.

Article 92 of the Mortgage Law Regulations establishing rules for the entry of cautionary notices of attachments on real property or real rights decreed in civil or criminal cases prescribes in subdivision 2 that if the ownership of the property attached is not a matter of record, the entry of the attachment shall be suspended and in lieu thereof a cautionary notice of the suspension of the same shall be entered, the defect being curable; and article 96 of the Mortgage Law declares that the cautionary notice required as a consequence of the impossibility of making the record on account of curable defects shall become ineffective 60 days after its date, which period may be extended to 180 days, unless the deed presented emanates from judicial authority, in which event it can be extended only by judicial authority of the same rank. Therefore, in accordance with

these provisions the attachment should not be recorded, but its record should be suspended and a cautionary notice of such suspension entered for 60 days subject to extension.

In the year 1902 (R.S. p. 289) the Legislature passed an Act to provide for appeals from the decisions of registrars of property, under section 4 of which (Comp. 2183) the registrars can not suspend the record, annotation or cancellation of any deed because of curable defects, but must mention the said defects in the record and whenever the necessary documents are presented for curing the defects they must make a marginal note of the correction. Section 7 of the said Act (Comp. 2186) provides that whenever any registrar shall refuse to record or enter any document he shall enter a cautionary notice for 120 days. As a consequence of this Act the writs of attachment which formerly were not entered when the property was not recorded in the registry in anybody's name, the annotation being suspended and a cautionary notice being entered because the defect was curable, now must be recorded with mention of such defect, because, according to the said Act of 1902, entry can not be denied by reason of curable defects; therefore, an entry can not be suspended or denied and a cautionary notice of the suspension entered for 120 days for the reason that such notice is proper only when there is an incurable defect. In the case of *Duperón* v. *Registrar,* 15 P.R.R. 59, the only case that we have been able to find in the reports of this court referring to subdivision 2 of article 92 of the Mortgage Law Regulations, although this court affirmed the registrar's decision refusing to record an attachment because the property attached was not recorded and entering a cautionary notice for 120 days, the question now under consideration was not discussed, the decision being merely that the said subdivision of that article was not in conflict with the Act to secure the effectiveness of judgments and, therefore, was not repealed by it,

which seems to have been the only question raised by the appellant.

Therefore, the doctrine laid down in *Sobrinos de Villamil* v. *Registrar, supra,* must be modified in the sense that subdivision 2 of article 92 of the Mortgage Law Regulations is not in force in so far as it prescribes that if the property attached is not recorded the entry shall be suspended and a cautionary notice of such suspension entered, for this can not be done since the enactment of the said Act of 1902, it being necessary to record the attachment and mention the curable defect.

The decision must be reversed and the entry of the attachment ordered with the said curable defect.